<div style="color:red; text-align:center">**CORRECTED**</div>

# In the United States Court of Federal Claims

No. 15-336C

(Filed: May 24, 2019)

(NOT TO BE PUBLISHED)

|   |   |
|---|---|
| **ROCKY MOUNTAIN HELIUM, LLC,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **UNITED STATES,** | ) |
| **Defendant.** | ) |

Christopher M. Sullivan, Boulder, Colorado, for plaintiff.

Jimmy S. McBirney, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Kenneth Dintzer, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

<u>ORDER</u>

LETTOW, Senior Judge.

Pending before the court are two matters stemming from the February 2019 decision of plaintiff Rocky Mountain Helium, LLC ("Rocky Mountain"), to change its counsel to Mr. Christopher Sullivan. Shortly after the attorney substitution, Mr. Sullivan applied for access to materials covered by the protective order previously entered in this case. *See* Appl. for Access to Information Under Protective Order by Outside or Inside Counsel ("Pl.'s Appl. for Access"), ECF No. 79; *see also* Protective Order, ECF No. 43. Mr. Sullivan, a licensed attorney practicing in Colorado, is Rocky Mountain's president, general counsel, sole employee, and Rule 30(b)(6) witness, and in the event the case goes to trial, would likely be called as a fact witness. *See, e.g.*, Joint Status Report of Feb. 22, 2019 ("Joint Status Report"), ECF No. 78; Pl.'s Appl. for Access; Consent Mot. for Substitution of Counsel Pursuant to [RCFC 83.1], ECF No. 77. The United States (the "government") opposes Mr. Sullivan's application for access to protected materials on the ground that he remains involved in Rocky Mountain's competitive decision-making. Def.'s Obj. to [Pl.'s Appl. for Access"] ("Def.'s Obj. to Access"), at 3, ECF No. 81. The government also questions whether Mr. Sullivan may serve as counsel while also being Rocky

Mountain's principal fact witness. *See* Joint Status Report; *see also* Hr'g Tr. 34:19-25 (Apr. 3, 2019).[1]

Mr. Sullivan filed his application for access on February 27, 2019, and the court held a hearing that same day. After briefing by both parties, the court held a further hearing on April 3, 2019.

*Mr. Sullivan's Ability to Continue as Counsel*

Rule 3.7(a) of the American Bar Association's Model Rules of Professional Conduct ("Model Rules") proscribes a lawyer from acting as an "advocate at a trial in which the lawyer is likely to be a necessary witness" except in three narrow circumstances. Model Rules 3.7(a). One exception is when disqualification "would work substantial hardship on the client." Model Rules 3.7(a)(3). Colorado has an identical rule. *See* Colorado Rules of Professional Conduct 3.7(a). While neither bind this court, both offer prudent advice. *In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("Federal courts admit and suspend attorneys as an exercise of their inherent power; the standards imposed are a matter of federal law.") (citing *Hertz v. United States*, 18 F.2d 52, 54-55 (8th Cir. 1927)).[2]

Mr. Sullivan's dual role as advocate and witness may present problems if the case proceeds to trial, but this case is not ready for trial. Both parties have indicated that they believe sufficient information exists following discovery to warrant motions for summary judgment on the issue of liability. Hr'g Tr. 15:16-24 (government), 52:9-11 (Rocky Mountain). Accordingly, Mr. Sullivan may continue to represent Rocky Mountain. In the event that this case proceeds to trial, the government, and the court, may revive the issue considering the remaining factual disputes and any potential hardship to Rocky Mountain.

*Mr. Sullivan's Application for Access to Protected Information*

The government contends that the court's protective order exists precisely to prevent access by Mr. Sullivan as he "is in fact the *only* competitive decision maker for the entire company," and the company may still be interested in producing helium. Def.'s Obj. to Access at 4-5 (emphasis in original). Mr. Sullivan contends that as counsel for Rocky Mountain, he falls squarely within the terms of the protective order, that he will comply with the confidentially requirements of the order, Pl.'s Resp. to Def.'s Obj. to Access at 4, 6, ECF No. 86, and that no competitive harm exists because he lacks the ability to enter the helium market, Hr'g Tr. 46:19 to 47:16. As the case stands currently, both parties agree that factual discovery related to liability is

---

[1]Subsequent citations to the hearing held on April 3, 2019 omit the date.

[2]The Rules of the Court of Federal Claims ("RCFC") do not adopt particular rules of professional conduct. Rule 83.2 does, however, provide as a ground for attorney discipline "any conduct before the court that is unbecoming a member of the bar of this court." RCFC 83.2(c)(5). While attorney discipline is not at issue here, the reference is instructive as the Supreme Court has held that federal courts may use state codes of professional conduct in determining appropriate conduct before a federal court. *See In re Snyder*, 472 U.S. at 645 & n.6.

complete and that the next step is to seek summary judgment on liability. Hr'g Tr. 15:16-24 (government), 52:9-11 (Rocky Mountain).

The documents presently at issue consist of Rocky Mountain's experts' valuation report, the government's expert's rebuttal report, Rocky Mountain's experts' reply to the rebuttal, and 57 documents produced by third-party Linde North America, Inc. ("Linde") and marked by Linde as protected. The government represented, and Mr. Sullivan seemed to concur, that these documents bear upon damages, but not upon liability. Hr'g Tr. 18:22 to 19:1 (government), 42:15-20 (Rocky Mountain). The government also represented that it would not rely upon the protected materials in addressing issues relating to liability. *E.g.*, Hr'g Tr. at 8:7-13. The court, however, could not discern whether the redacted materials might bear upon liability without first viewing them, and requested during the hearing on April 3, 2019 that the government provide the redacted and unredacted versions of the three expert reports and 57 protected Linde documents. Hr'g Tr. 56:6-11. The government produced these documents on April 19, 2019. *See* Notice of Submission of Disc. Docs., ECF No. 92. The court is satisfied that the redacted materials do not bear upon liability. And, it does not appear that Rocky Mountain seeks access to other protected materials, at least not to other protected materials that bear upon liability. *See* Hr'g Tr. 46:17-18.

A protective order exists to protect the supplier of proprietary information from competitive harm "owing to the use of such proprietary information outside of the litigation in which it was disclosed." *Ross-Hime Designs, Inc. v. United States*, 109 Fed. Cl. 725, 731 (2013). Such harm may exist when proprietary information is disclosed to a competitive decision-maker of a potential competitor, *id.*, such as to counsel who advises on pricing or product design, *id.* (quoting *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)).

The court accepts Mr. Sullivan's affirmation that he will protect the documents from inadvertent disclosure. But, as Mr. Sullivan is the principal decision-maker for Rocky Mountain, there still exists a high risk of inadvertent use. Mr. Sullivan, as any decision-maker, would have difficulty segregating the information between proper litigation use and improper business use. *See Hitkansut v. United States*, 111 Fed. Cl. 228, 239-40 (2013). What remains, then, is assessing the extent of competitive harm that would result from Mr. Sullivan's access and the extent of harm to Rocky Mountain by denying access. *See Ross-Hime*, 109 Fed. Cl. at 742.

For the present, because only liability is at issue and the protected information to which Mr. Sullivan requests access bears upon damages, there is no current need for Mr. Sullivan to have access to protected materials. Those materials would not become relevant unless and until Rocky Mountain prevails on liability. And the court concurs with both parties that moving for summary judgment on liability is the appropriate next step. Accordingly, given the potential for competitive harm absent attendant benefit to arguing liability, Mr. Sullivan has not demonstrated presently a need to access the protected materials.

*Conclusion*

For the reasons stated, Mr. Sullivan may continue to represent Rocky Mountain, although the parties and the court may revisit the issue if trial becomes necessary. Mr. Sullivan's application for access to information under the protective order is DENIED. Mr. Sullivan may,

however, renew the request pending favorable resolution of liability and may otherwise request access to specific documents covered by the protective order as necessary to litigate liability.

Further, on or before June 5, 2019, the parties shall propose, preferably jointly, a briefing schedule regarding summary judgment on the issue of liability.

It is so **ORDERED**.

<div style="text-align: right;">
s/Charles F. Lettow  
Charles F. Lettow  
Senior Judge
</div>